WHITE et al. v. ROSE, Collector of Internal Revenue.

No. 7128.

Circuit Court of Appeals, Fifth Circuit.
Oct. 31, 1934.

Houston White and Edwin Pearce, both of Atlanta, Ga., for appellants.

Lawrence S. Camp, U. S. Atty., and M. Neil Andrews, Asst. U. S. Atty., both of Atlanta, Ga., Wm. B. Waldo, Sp. Asst. to Atty. Gen., and Frank J. Wideman, Asst. Atty. Gen., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Houston White, R. P. McLarty, and C. L. Emerson, as trustees, made a fiduciary income tax return for the year 1928, claiming as an additional deduction under section 162 of the Revenue Act of 1928 (26 USCA § 2162) about $8,000 paid during the year to Mrs. W. Woods White as a beneficiary under their trust. The deduction was disallowed, and additional taxes were assessed against the trustees which they paid, and refund being refused, they sued the collector in the District Court, where a verdict was directed against them, and they appeal from the ensuing judgment. The theory of the additional tax is that Mrs. White purchased her rights in the trust, and that they are in effect an annuity, and that she in consequence is a creditor of the trust rather than a beneficiary. The trustees contend that while she is a purchaser, her interest is that of a beneficiary, and payments to her are allowable as deductions to the trustees; she herself owing tax as for income received by her. They rely on Helvering v. Butterworth, 290 U. S. 365, 54 S. Ct. 221, 78 L. Ed. 365, decided since the trial below, and the collector relies on Helvering v. Pardee, 290 U. S. 365, 54 S. Ct. 221, 78 L. Ed. 365, the companion case. The trust here involved was created after the death of W. Woods White intestate by Mrs. White, his widow, and his six children. They inherited from him under the Georgia statutes interests in common in all his property. They joined in a deed whereby all the property was conveyed in fee to trustees in trust to manage the same, collect the income, pay all taxes and other expenses including a compensation to themselves, and at least quarterly to pay over to Mrs. White during her life the net income remaining after paying such expenses; but if at any time the trustees think the net income is greater than necessary for her maintenance and support according to her station in life they to have power and discretion to pay the excess to the children, share and share alike, or to use it to increase the corpus; and at Mrs. White's death to pay over the corpus and all accrued income to the children or their descendants per stirpes, share and share alike. There was provision for advancements to the children or their families in case of need. Among other powers the trustees were authorized "to apportion all extra dividends and gain from sale of unproductive real estate and other receipts * * * between income and principal as to them seems fair and just, and any such apportionment made in good faith shall be final. * * * They may in general use their discretion in determining the question as to what receipts and what payments are income and principal, which discretion exercised in good faith shall be final." Mrs. White beside her share in her husband's estate, put into the trust 250 shares of stock in Morris Plan Company owned by her. This stock and other stock coming from the estate of W. Woods White was sold during 1928 by the trustees at a profit fixed at $29,358 above its value when received by the trustees. Of the sums paid Mrs. White as income during 1928 about $1,000 was from interest and dividends and the remainder was set off to her as income out of the profit on this sale.

█ The trust is a valid, active trust under Georgia law. Mrs. White in entering into it exchanged her legal title to the 250 shares of stock and to her interest in her husband's property for the income during her life from all the property not in excess of what was necessary for her maintenance and support according to her station in life. She is thus a purchaser, yet not a creditor of or an incumbrancer on the trust, but a beneficiary of it for her lifetime. She has no annuity, nor any equivalent of one. She is entitled to receive income only, no matter how little it may be—never any corpus. She may, if the income exceeds her needs in the judgment of the trustees, not get all of it, but she can never get more. What she gets is income. The trustees pay it and she receives it as such. They do not pay any debt on the trust, but they account for its income to her. She is a beneficiary of the trust, and they are her trustees. The case falls under Helvering v. Butterworth rather than Helvering v. Pardee. See also Title Guarantee Loan & Trust Co. v. Commissioner (C. C. A.) 63 F. (2d) 621.

█ It is argued that the most of what was paid Mrs. White was after all not income of the trust, but a profit on a sale of some of the corpus which really belonged to the re-

238

maindermen. If the payment was a mistaken one, it would seem that the tax would not be prejudiced by it, but should be assessed as though only proper disbursements had been made by the trustee. Freuler, Adm'r v. Helvering, 291 U. S. 35, 54 S. Ct. 308, 78 L. Ed. 634. But it appears from the evidence of the trustees that the payment was not inadvertent or by mistake, but was the result of their deliberate decision that the amount paid Mrs. White ought to be treated in fairness as income. Perhaps in strictness the profit was, under Georgia Code, § 3667, rather an extraordinary accumulation of the corpus belonging to the remaindermen than the natural increase of the property which belongs to the tenant for life, but these parties did not leave their rights to be determined by strict law but agreed that in this respect the trustees should determine them. The trustees have done so, and no beneficiary has questioned their decision. The profit is certainly taxable income under the federal statutes, and there is no hardship but rather a consistency in treating it as income throughout. A verdict ought not to have been directed against the trustees, their good faith not being questioned.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.