## STALEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10606.

Circuit Court of Appeals, Fifth Circuit.

June 15, 1943.

Rehearing Denied July 17, 1943.

---

Charles C. Le Forgee, of Decatur, Ill., for petitioner.

Joseph M. Jones, Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This petition brings for review a decision of the Board of Tax Appeals sustaining a deficiency assessment made with respect to the 1935 fiduciary income tax return of the executor of the A. E. Staley estate. The question for decision is whether the sum of $150,000, which was paid to Staley during the tax year from the income of certain trust estates created by him, was income or was a return of capital.

In 1934 Staley, who was chairman of the board of the A. E. Staley Manufacturing Company and owned over 80% of its common stock, created a trust for each of his five children and conveyed to each trust 6,000 shares of common stock and 2,000 shares of preferred stock of the corporation. It was Staley's intention to make an outright gift of the securities, but he discovered that the sum of the gift taxes to be incurred in connection with the gifts would exceed by approximately $150,000 the amount of cash he would have to pay such taxes. After considering several means by which he could secure this additional sum, he decided upon a plan to have each of the five trusts pay over to him, out of the trust income earned prior to the next succeeding tax-payment date, all of such income remaining after paying the operating expenses and trustee's fees, but such payment not to exceed $30,000. In the event that the income of the respective trusts should be inadequate to pay the full $30,000 prior to March 15, 1935, it was provided that such deficiencies should be made up out of the trust income earned thereafter.

This purpose was accomplished by inserting in each trust instrument a provision reciting that the use benefits under the trust were conveyed in consideration of the sum of $30,000, to be paid to the donor as mentioned. It is petitioner's contention that, by reason of this provision, the conveyances were not gifts but were sales of the securities for a purchase price of $150,000.

It is significant that in the trust instrument Staley referred to himself as the donor, and that, as found by the Board, he knew at the time the trusts were created that sufficient dividends would be declared upon the stock within the five months intervening before the succeeding March 15th to cover the $30,000 payments to him for each trust. The trusts were created on October 18, 1934, and the entire $150,000 in fact was paid over to the donor by March 4, 1935. Moreover, Staley filed a gift-tax return in connection with the transaction, paying a tax computed upon the full value of the securities transferred less the value of the withheld right to receive $150,000 of the income.

It is elementary that artificial language in an instrument of conveyance does not suffice to alter the tax significance of the substance of the transaction.[1] The realities of this arrangement are not difficult to ascertain. This was no sale for an inadequate consideration; it was intended to be, and actually was, a gift of the entire corpus and of all the income ex-

[1] Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Minnesota Tea Co. v. Helvering, 302 U.S. 609, 58 S.Ct. 393, 82 L.Ed. 474; Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655.

cept an amount necessary to assist in paying the gift taxes.[2] Expressed differently, it was an outright transfer for no consideration, but with a reservation to the donor of a portion of the income. It is immaterial for present purposes whether the transactions are regarded as gifts of all the corpus and all the income in excess of $150,000, or whether they are deemed to be gifts in trust with a reservation to the donor of a specified portion of the income. The substance is the same, and in either event the entire $150,000 was income taxable to the donor.[3] The Board of Tax Appeals reached this result, and its decision is

Affirmed.

WALLER, Circuit Judge (dissenting).

It seems to me that a father could make a partial sale and gift to his child with the understanding that the sale price could be paid out of the revenue from the property given and sold without it being said that he "retained the income" from the property, when the record shows that he did not retain it but conveyed it to the trustee who was required to collect the income and pay a portion as consideration for the sale and gift. For instance, a man might own real estate of the value of $10,000.00, against which there was an indebtedness of $1,000.00, which real estate he desired his son to have. I see no reason why he could not lawfully say to his son: "I will convey this property to you provided you pay the $1,000.00 indebtedness out of the first rents you receive from the property." The fact that the seller-donor of the property knew that the property was rented and would produce income sufficient to pay the indebtedness would not make him liable for the income therefrom merely because a debt was to be paid out of it especially when the income is devoted to the use and benefit of the cestui que trust in paying an indebtedness against his property.

In the case here under consideration the right to collect the income from the stock was not retained in the seller-donor but it was to be collected by the trustee and used to pay the $30,000.00 which was a part of the consideration for the gift and sale.

The $30,000.00 which the trustee collected from the income of the trust estate was used for the purpose of clearing the indebtedness against the property of the cestuis que trust, and since the income was applied to the benefit of the cestuis que trust he should be charged with the tax thereon, and the seller-settlor should only be charged with the sum of $30,000.00 received in the disposition of a capital asset.

Entertaining these views, I respectfully dissent from the holding of the majority.

---

[2] Cf. Griffiths v. Commissioner, 308 U. S. 355, 60 S.Ct. 277, 84 L.Ed. 319.

[3] Bettendorf v. Commissioner, 8 Cir., 49 F.2d 173; White v. Rose, 5 Cir., 73 F. 2d 236; Fay v. Commissioner, 34 B.T.A. 662; Sec. 22(a), Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669; Sec. 166, Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 727. Cf. Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055.