ESTATE OF FRANCES HAMPTON CURREY, DECEASED, BROWNLEE O. CURREY, JR., AND MARGARET CURREY HENLEY, EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Currey v. Commissioner
Docket No. 2219-78
United States Tax Court
T.C. Memo 1981-40; 1981 Tax Ct. Memo LEXIS 700; 41 T.C.M. (CCH) 800; T.C.M. (RIA) 81040; February 2, 1981. William M. Waller, for the petitioner. Vallie C. Brooks, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case is before us on petitioner's Motion for Summary Judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1] A hearing on the motion was held September 10, 1979, at Nashville, Tennessee. The Commissioner determined the following deficiencies in the Federal income tax of Frances Hampton Currey (hereinafter called decedent): *701 Taxable Year
Deficiency
1972
$ 135,039.75
1973
358,351.98
The issues are: (1) whether decedent realized income either upon a donative transfer in trust subject to the condition that the trustee pay decedent's resultant gift tax liability or upon the trustee's payment of such liability; (2) the fair market value of 12,800 shares of American Express Company stock on December 17, 1968; (3) whether petitioner is entitled to recover attorney's fees. Some of the facts have been stipulated. The stipulation of facts, together with the Exhibits attached thereto, are incorporated herein by this reference. On the date the petition herein was filed, decedent resided in Nashville, Tennessee. She died on February 10, 1979, and her son, Brownlee O. Currey, Jr., and daughter, Margaret C. Henley, qualified as executors of her will. On or about December 28, 1972, decedent executed three trust agreements with a Nashville bank (the Bank) as trustee for the benefit of her three grandchildren. On December 28, 1972, she transferred to each trust 8,000 shares of the common stock of American Express Company. On January 3, 1973, she made a further gift of 8,000 shares *702 of this stock to each trust. With the exception of the beneficiary, the provisions of each trust agreement were identical. Article I(d) of each trust instrument provided: This gift is on the express condition that the Trustee report and pay out of the trust estate all gift taxes, both state and federal, which may be imposed upon donor by virtue of this gift. The Trustee is authorized to borrow the money with which to pay said taxes, or any part thereof, and to repay said loan or loans by selling, from time to time, property comprising a part of the trust estate. The interest on said loan or loans may be paid out of the income of the trust or by selling property in the trust estate, in the sole discretion of the Trustee. Decedent's basis in the 48,000 shares transferred to the three trusts was $ 720. On or about February 5, 1973, decedent filed a Federal quarterly gift tax return for the fourth quarter of 1972 and first quarter of 1973, and a Tennessee state gift tax return for 1972 and 1973, in which she reported the gifts of stock made on December 28, 1972, and January 3, 1973. The gift tax liability reported on each of the returns was as follows: 1972
1973
Federal Return
$ 372,773
$ 446,384.49
State Return
83,234
84,655.00
TOTAL GIFT TAX
LIABILITY REPORTED
$ 456,007
$ 531,039.49
*703 The Federal and State gift tax liabilities reported on the returns were paid by the trustee of the three trusts in 1973 from funds obtained by loans from the Bank. These loans were repaid by the three trusts from proceeds of subsequent sales of some of the American Express stock which had been transferred to the trusts. Decedent did not report any income from the payment of the gift taxes made by the trustee on either her 1972 or 1973 Federal income tax returns. On December 18, 1968, decedent donated to Vanderbilt University 12,800 shares of American Express common stock in which she retained a life estate. The value of the remainder interest in this stock equaled 67.814 percent of its total fair market value at the time of donation, and qualified as a charitable contribution deductible under section 170(a)(1) of the Internal Revenue Code of 1954. [2]
In December 1968, the common stock of American Express Company was traded only in the over-the-counter market. The bid and asked price for American Express common stock was as follows at the close of business on the dates *704 shown below: Date
Bid
Asked
December 17, 1968
$ 77.75
$ 78.25
December 18, 1968
Holiday
Holiday
December 19, 1968
77.75
78.25
Records of the actual sales of American Express Company stock traded in the over-the-counter market or otherwise on the above dates are not available. For purposes of computing the value of the remainder interest in the stock transferred to Vanderbilt in 1968, decedent used a value of $ 79.25 per share, arriving at the amount of the claimed contribution as follows: Shares contributed
12,800
Value per share used
$ 79.25
TOTAL VALUE OF SHARES
CONTRIBUTED
$ 1,014,400
Remainder value
.67814
VALUE OF CONTRIBUTION
$ 687,905
A portion of this amount was carried over to decedent's 1972 and 1972 taxable years. The Commissioner determined that decedent realized and recognized in 1973, a long-term capital gain upon the payment by the trustee of the gift taxes resulting from her transfer of the American Express common stock in trust on December 28, 1972, and January 3, 1973. The amount of the gain was determined to be $ 986,326.49, which was the excess of the gift taxes paid over decedent's basis in the *705 stock. Alternatively, the Commissioner determined that, upon the transfer of the stock in trust, she realized and recognized long-term capital gains in 1972 and 1973 of $ 455,647 and $ 530,679.49, respectively, the excess of the gift taxes applicable to the stock transferred in each year over her basis therein. The Commissioner further determined that the decedent should have used a value of $ 78 instead of $ 79.25 per share in computing the amount of the contribution to Vanderbilt University in 1968 and accordingly reduced he carryover to 1972. In the petition filed herein, petitioner prayed that this Court award attorney's fees to its counsel. Issue 1. Income Tax Consequences of Transfers in Trust Conditioned Upon Trustee's Payment of Donor's Gift Tax Liability
It is well-settled in this Court's jurisprudence that a donor does not realize a gain or loss under section 1001 upon a trustee's payment of taxes imposed upon the donor's gifts in trust. Davis v. Commissioner, 74 T.C. 881, 907 (1980); Bradford v. Commissioner, 70 T.C. 584 (1978), on appeal (6th Cir., Dec. 26, 1978); Estate of Henry v. Commissioner, 69 T.C. 665 (1978), *706 on appeal (6th Cir., May 5, 1978); Hirst v. Commissioner, 63 T.C. 307 (1974), affd. 572 F.2d 427 (4th Cir. 1978); Turner v. Commissioner, 49 T.C. 356 (1968), affd. per curiam 410 F.2d 752 (6th Cir. 1969). Respondent argues that the Sixth Circuit reversed its position in Turner in Johnson v. Commissioner,495 F.2d 1079 (6th Cir. 1974), holding that the payment of a donor's gift tax liability by the donee constitutes income to the donor. Suffice it to say that we have on several occasions pointed out that the Sixth Circuit did not, in Johnson, overrule Turner. Estate of Henry, supra, at 672-675; Hirst, supra, at 314-315. Therefore, we adhere to our long-standing position and hold that decedent realized no income upon her transfers in trust or upon the trustee's payment of the gift tax liability imposed upon such transfers. There is no dispute concerning the facts relevant to this issue, and, under such facts, petitioner is entitled to judgment as a matter of law. Accordingly, petitioner is entitled to summary judgment on this issue. Issue 2. Valuation *707 of Remainder Interest in the 12,800 Shares Transferred to Vanderbilt University in 1968. Petitioner argues that the gift of stock to Vanderbilt was made December 17, 1968, and that the average of the means of the bid and asked prices of the stock on December 17, 1968, and December 16, 1968, is the appropriate value to use in measuring the contribution. However, the parties, in the stipulation of facts, agree that the gift was made "on or about" December 17, 1968, and certain exhibits attached to the stipulation clearly show that the gift was not made until December 18, 1968. Decedent addressed a letter dated December 17, 1968, to the First American National Bank of Nashville containing the following language: Gentlemen: Please deliver 12,800 shares of American Express stock from my Custodian Account to Vanderbilt University. /s/ Frances Hampton Currey The treasurer of Vanderbilt University, by letter dated December 18, 1968, informed the First American Bank of the name in which the stock contributed to the University was to be held and requested the Bank to keep the stock in the University's custodian account. Finally, the journal entry transferring the stock from *708 the decedent's to the University's account was not made until December 18, 1968. Section 1.170-1(b) of the Income Tax Regulations then in effect provided: (b) Time of making contribution. Ordinarily a contribution is made at the time delivery is effected. * * * If a taxpayer unconditionally delivers (or mails) a properly endorsed stock certificate to a charitable donee or the donee's agent, the gift is completed on the date of delivery (or mailing, provided that such certificate is received in the ordinary course of the mails). If the donor delivers the certificate to his bank or broker as the donor's agent, or to the issuing corporation or its agent, for transfer into the name of the donee, the gift is completed on the date the stock is transferred on the books of the corporation. * * * It is clear that the contribution did not occur until the stock was transferred from decedent's account to that of the University on December 18, 1968. Not until then was the stock beyond her control. Londen v. Commissioner, 45 T.C. 106 (1965). Because petitioner's argument regarding the stock's fair market value assumes that the transfer took place on December 17, it *709 fails to address the relevant question, i.e., the value of the stock on December 18, not December 17. Therefore, petitioner has not shown that respondent's determination is so erroneous as to entitle petitioner to a judgment as a matter of law on this issue. Issue 3. Attorney's Fees
This Court has no authority to award attorney's fees. Key Buick Co. v. Commissioner, 68 T.C. 178 (1977), affd. 613 F.2d 1306 (5th Cir. 1980). Petitioner is not entitled to summary judgment on this issue. An appropriate order will be entered. Footnotes
1. Petitioner originally, filed a Motion for Judgment on the Pleadings pursuant to Rule 120, which, because material outside of the pleadings (stipulation of facts and attached exhibits and briefs) has been presented to and not excluded by the Court, we must treat as a motion for summary judgment. Rule 120(b).↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩