RALPH OWEN and wife, LULU H. OWEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owen v. Commissioner
Docket No. 8960-75.
United States Tax Court
T.C. Memo 1978-51; 1978 Tax Ct. Memo LEXIS 465; 37 T.C.M. (CCH) 272; T.C.M. (RIA) 780051; February 6, 1978, Filed; As Amended March 8, 1978 *465 Petitioners made gifts of securities having a basis of $1,200 to several trusts for the benefit of their grandchildren, upon the condition that the transferee trusts pay all gift taxes resulting from the transfer. The trusts paid the gift taxes, totaling $1,557,060.80. Held, petitioners did not realize taxable income as a result of the payment of the gift taxes by the trusts. Estate of Henry v. Commissioner, 69 T.C.     (Feb. 6, 1978), a companion case decided contemporaneously herewith, followed. William Waller,Lawrence Dortch, and Justin P. Wilson, for the petitioners. John B. Harper, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $502,266.83 in petitioners' joint Federal income tax for 1973. The issue for decision is whether petitioners realized net income as a result of certain transactions in which they transferred highly appreciated securities to trusts for the benefit of their grandchildren, upon the condition that the recipient trusts would pay the gift taxes resulting from the transfers. All of the facts have been stipulated. The stipulation *466 of facts is incorporated herein by this reference. Petitioners Ralph Owen and Lulu H. Owen, husband and wife, resided in Nashville, Tennessee, when the petition herein was filed. Petitioners filed a joint Federal income tax return for 1973 with the Internal Revenue Service Center, Memphis, Tennessee. On January 2, 1973, each petitioner created five trusts for the benefit of each of five grandchildren, and transferred to each trust 8,000 shares of common stock of American Express Company. Thus, a total of ten separate trusts were created, and each trust received 8,000 shares of American Express Company stock. The instruments establishing each of these trusts were identical as to all provisions pertinent to this case, and each of them named Third National Bank in Nashville, Tennessee (Third National) as trustee. Each of the trust instruments contained the following provision: This gift is on the express condition that the Trustee report and pay out of the trust estate all gift taxes, both state and federal, which may be imposed upon donor by virtue of this gift.The Trustee is authorized to borrow the money with which to pay said taxes, or any part thereof, and to repay said *467 loan or loans by selling, from time to time, property comprising a part of the trust estate. The interest on said loan or loans may be paid out of the income of the trust or by selling property in the trust estate, in the sole discretion of the Trustee For purposes of administration, Third National treated the ten trusts as five (one for each grandchild). Hereinafter the trusts will be referred to as "the five trusts." Petitioners' combined basis in the total of 80,000 shares transferred to the trusts was $1,200 ($.015 per share). The fair market value of the 80,000 shares on January 2, 1973, was $5,260,000. On March 29, 1973, the five trusts each borrowed $311,432.16 from Third National, an amount sufficient to pay all Federal gift taxes for the first quarter of 1973 and Tennessee State gift taxes for 1973 on the property transferred to each trust. Each trust executed two demand notes in the respective amounts of $155,314.03 and $156,118.13. Each note given by the respective trusts was secured by its shares of American Express Company common stock. On both the Federal and State gift tax returns filed by each petitioner, the gifts in trust were reported as "net gifts. *468 " The "net gifts" were computed by subtracting the Federal and State gift tax liabilities from the gross values of the stock transferred in trust. The total Federal gift tax liability was $1,246,861.57, and the total State gift tax was $310,199.23. On March 29, 1973, each trust paid its pro rata share of the total ($1,557,060.80) of these taxes. Subsequently, each of the five trusts made the following sales of American Express Company common stock: Date
Shares Sold
Sales Price
July 24, 1973
1,000
$57,770.30
Oct. 4, 1973
1,000
62,626.94
Jan. 20, 1976
1,000
40,125.00
Feb. 6, 1976
1,000
40,875.00
Aug. 18, 1976
1,000
40,250.00
The net proceeds of each of the foregoing stock sales were used to make payments on the March 29, 1973, loans from Third National. On petitioners' 1973 joint Federal income tax return, they did not report any amount as gain resulting from their transfer of the American Express Company stock to the trusts. Respondent determined in his notice of deficiency that the transfers resulted in a taxable gain of $777,930.40, computed as follows: Amount realized (gift tax liabilities
$1,557,060.80
assumed and paid by the trusts)
Less: Basis in stock transferred
1,200.00
Long-term capital gain
$1,555,860.80
Less: 50% deduction under sec.
1202, I.R.C. 1954
777,930.40
Unreported taxable income
$ 777,930.40
*469 The basic factual stituation and the legal question presented in this case are identical with that of Estate of Henry v. Commissioner, 69 T.C.     (Feb. 6, 1978). For the reasons set forth in Estate of Henry, we hold that petitioners did not realize income as a result of their gifts of securities upon the condition that the donees pay the applicable gift taxes. Decision will be entered under Rule 155.