JOHN T. BENSON, JR., AND JIMMIE L. BENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Benson v. Commissioner
Docket No. 5885-76.
United States Tax Court
T.C. Memo 1978-231; 1978 Tax Ct. Memo LEXIS 286; 37 T.C.M. (CCH) 989; T.C.M. (RIA) 78231; June 21, 1978, Filed William Waller, for the petitioners. W. Robert Pope, Jr., for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioners' 1972 and 1973 Federal income taxes of $ 14,141.60 and $ 590.28 [1] respectively. The sole issue for decision is whether petitioners realized gain on the transfer of stock to their sons where the transfer was conditioned upon the sons' promise to pay the resulting federal and state gift tax liability. FINDINGS OF FACT All of the facts have been stipulated. Those necessary to an understanding of the case are as follows: Petitioners, husband and wife, resided in Sumner County, Tennessee, *287 at the time they filed their petition herein. On or about September 28, 1972, petitioner John T. Benson, Jr. gave each of his two sons 132 shares of stock in the John T. Benson Publishing Company. As a condition to the gifts, each son orally agreed to pay the federal and state gift tax liability arising from the transfers. At the time the gifts were made Benson's basis in the 264 shares of stock given was $ 34,763.56. Petitioners had agreed to split John's gift of the stock, and on November 14, 1972, each filed a federal gift tax return for the third quarter of 1972. On each return petitioners valued the transferred stock at $ 219,620.28 and reported gift tax liability of $ 31,937.84. On the same day the returns were filed each of petitioners' sons issued a check to petitioners in the amount of $ 31,937.84 in payment of petitioners' federal gift tax liability. Subsequently on March 12, 1973, each son issued a check to the Tennessee Department of Revenue in the amount of $ 8,736.43 in payment of petitioners' state gift tax liability. In 1973 respondent audited petitioners' third quarter 1972 gift tax returns and determined that with respect to each return the fair market *288 value of the transferred stock was $ 244,200 rather than $ 219,620.28. As a result respondent determined total deficiencies of $ 16,496.18 in petitioners' gift taxes. The deficiencies were subsequently paid by petitioners' sons sometime after 1973 in fulfillment of their original promise to pay petitioners' gift tax liability. On their income tax returns for 1972 and 1973 petitioners did not report any gain by reason of the transfers of stock. In his statutory notice respondent determined that the transfers constituted exchanges of stock resulting in taxable gain in 1972 and 1973, or alternatively in 1972.
OPINION The sole issue for decision is whether petitioners realized gain upon the transfer of stock to their sons where the transfer was conditioned upon the sons' paying the resulting gift tax liability. This case is another of a number of recent cases [2] involving the net gift versus part-gift-part-sale issue. All of these cases arose after the decision of the Sixth Circuit Court of Appeals in , affg. , and in each instance appeal from the decision of this Court normally *289 would lie in the Sixth Circuit. See section 7482(b)(1). The question of whether a gift conditioned upon the donees' payment of the resulting gift taxes constitutes a net gift or a part-gift-part-sale has been addressed by this Court on numerous occasions. [3] In each instance involving facts similar to those herein, we have held that the transfer constituted a net gift resulting in no income tax liability to the donor. In , however, we found that the transfers constituted part gifts and part sales. *290 There the donor paid the resulting gift taxes with funds borrowed prior to his gift. After the gift the trust assumed responsibility for the loan. On appeal the Sixth Circuit affirmed our decision. In so doing the Sixth Circuit limited to its facts its decision in , affg. , where it had held that a gift conditioned upon the donees' payment of the resulting gift taxes constituted a net gift. As a consequence of the Sixth Circuit's opinion in Johnson, respondent urges us to reject our decision in Turner on the "net gift" issue and argues that in any event, our decision in , affd. on the substantive issue , cert. denied requires us to follow Johnson.
After this case was submitted and after the parties filed their briefs, , on appeal (6th Cir. May 5, 1978), was decided by this Court. There respondent raised the identical arguments he presents in the instant case.[4] For *291 the reasons set forth in Estate of Henry, we adhere to our prior decisions. We are also of the opinion our decision in Golsen does not require us to follow Johnson in deciding this case. The Golsen doctrine was designed to provide "better judicial administration" and to avoid superfluous appeals where a Court of Appeals has decided the particular issue in a manner contrary to the view of this Court. The Sixth Circuit in Johnson did not directly address the issue currently before this Court. Instead, by way of dicta, it limited its affirmance in Turner to its facts. Thus Turner "remains, at least as to gifts to individuals, as a decision of this Court affirmed by the Sixth Circuit." [5] Since the facts herein are indistinguishable from those in Turner, our Golsen doctrine, if applicable here, would require that we follow Turner and not Johnson.[6]
*292 Decision will be entered for the petitioners. Footnotes
1. In an amendment to his answer respondent increased the 1973 deficiency to $ 4,958.49.↩
2. See ; P-H Memo T.C. par. 78,051 (1978).↩
3. , affd. per curiam ; ; P-H Memo T.C. par. 71,318 (1971), affd. per curiam ; , affd. .↩
4. In fact, respondent's opening brief filed in Estate of Henry↩ is substantially identical to his opening brief filed herein.
5. , affd. . ↩
6. Respondent also contends that, because petitioners' sons issued checks to petitioners in payment of the federal gift tax liability rather than directly paying the liability, this case is "not significantly distinguishable" from Johnson as to this amount. While this case may not be significantly distinguishable from Johnson, it is indistinguishable from Turner.↩ As a consequence, we reject respondent's contention.