ESTATE OF NORMAN D. WEEDEN, DECEASED, WILLIAM F. WEEDEN, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Weeden v. Commissioner
Docket No. 4815-75.
United States Tax Court
T.C. Memo 1979-498; 1979 Tax Ct. Memo LEXIS 27; 39 T.C.M. (CCH) 699; T.C.M. (RIA) 79498; December 12, 1979, Filed *27 John M. Hammerman,Robert M. Winokur, Leland H. Faust, for the petitioner. Gerald J. Beaudoin, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $23,240 deficiency in decedent's 1969 income tax. The issue for decision is whether decedent realized gain upon the gift of stock to his nephews when the gift was conditioned on the nephews' paying the resulting gift tax liability. FINDINGS OF FACT Substantially all the facts have been stipulated and are found accordingly. Norman D. Weeden ("decedent") died a resident of California on May 22, 1970, at the age of 71. William F. Weeden (sometimes referred to as petitioner) is duly appointed, qualified, and acting as executor of the Estate of Norman D. Weeden. On the date the petition was filed, william F. Weeden resided in Oakland, California. In 1965, decedent retired as vice president of Weeden and Company, a corporation engaged in the stock brokerage business. In the summer of 1968, decedent transferred 12,075 shares of stock in Weeden and Company to his four nephews, Alan, Donald, John and William F. Weeden. Alan, Donald, John and *28 William F. Weeden are brothers. At the time of the transfer and at all relevant times, decedent owned the 12,075 shares of stock free and clear of any encumbrances and there were no borrowings against the stock. This transfer was made on the express written condition that the four nephews each pay "all Federal and State Gift or Transfer Taxes due which are attributable to this gift." This condition was acknowledge in writing by each of the four nephews. At the time of the transfer decedent was a widower and had no children, alive or deceased. The Last Will and Testament of decedent dated June 7, 1968, left the residue of his estate equally to his four nephews, Alan, Donald, John and William F. Weeden. The gross estate of decedent reported for estate tax purposes, valued at the date of death, was $644,042 of which $6,683 was in the form of bank deposits and cash. The cash position of decedent at the time of the gift was similar to his cash position at the time of his death. The fair market value of the 12,075 shares of stock in Weeden and Company was $422,625 on July 1, 1968, the date that the gifts were accepted by the nephew-donees. Decedent's basis for the stock was $7,404.49. *29 On January 24, 1969, each nephew-donee paid his respective share of Federal and State gift taxes attributable to the transfers of stock made to him by decedent. The Federal gift tax paid by the donees was $68,963.66, and the State gift tax paid was $39,764.68. Following respective audits, the Federal Government refunded $10,850.32 to the donees and the State Government refunded $5,939.78. Thus, the net gift tax paid in 1969 by the four donees, rounded off to the nearest dollar, was $91,911. Decedent desired and intended to make a gift of the Weeden and Company stock to his nephews. He did not desire or intend to make a part-sale, part-gift of the stock. The gift was made by decedent on condition that the nephews pay the applicable gift taxes because decedent felt his cash position was such that he would have difficulty paying the gift tax. On March 5, 1975, respondent mailed to petitioner a notice of deficiency for decedent's 1969 taxable year in which he determined that decedent realized income of $84,507 in 1969 as a result of the transfer to his nephews of 12,075 shares of common stock of Weeden and Company, subject to their payment of all Federal and State gift or transfer *30 taxes attributable to the transfers. OPINION Inasmuch as the facts and legal questions presented here are indistinguishable from those of , on appeal (6th Cir., May 5, 1978), we hold that decedent did not realize income as a result of his gifts of stock conditioned upon the donees' payment of the resulting Federal and State gift taxes. [1]
Decision will be entered for the petitioner. Footnotes
1. Petitioner claims that he is entitled to attorney's fees; this request is denied because this Court lacks jurisdiction to award attorney's fees. See , on appeal (5th Cir., August 15, 1977).↩