FRANCES D. GRANT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grant v. Commissioner
Docket No. 5757-77.
United States Tax Court
T.C. Memo 1980-50; 1980 Tax Ct. Memo LEXIS 531; 39 T.C.M. (CCH) 1088; T.C.M. (RIA) 80050; February 27, 1980, Filed Norman E. Beal, for the petitioner. Judith M. Wall and Gary C. Gough, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on petitioner's motion for judgment on the pleadings. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE *532 SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent in his notice of deficiency determined deficiencies in petitioner's 1970 and 1971 Federal income taxes of $41,908 and $50,237, respectively. The sole issue for determination is whether petitioner realized a taxable gain upon making gifts of corporate securities to her son conditioned upon her son's paying the resulting gift tax liability. [2]
In her petition, petitioner alleged the facts in support of her claim that no deficiency exists as to her for the taxable years 1970 and 1971. Respondent filed an answer to the petition, admitting many of the alleged facts stated in the petition, and affirmatively alleging facts in support of the determined deficiencies as well as facts to support an increased deficiency for 1971 in the amount of $20,190 pursuant to section 6214(a). [3] On the basis of the facts stated in the petition and admitted by respondent in his answer, petitioner filed the *533 present motion for judgment on the pleadings pursuant to Rule 120, Tax Court Rules of Practice and Procedure.[4] Respondent filed a "Notice of Objection to Petitionerhs Motion for Judgment on the Pleadings" on the ground that petitioner did not file a reply to his answer as required by Rule 37(a), and accordingly the case could not be deemed at issue under the provisions of Rule 38. Subsequently, respondent withdrew this objection upon the filing of a reply by petitioner after the Court had granted her leave to file her reply out of time. Respondent filed a memorandum of law containing substantive objections to petitioner's motion for judgment on the pleadings and a hearing was held thereon at the Motions Session in Washington, D.C.
The following facts are undisputed and are taken from those portions of *534 petitioner's petition admitted by respondent in his answer. Petitioner is an individual over 90 years of age having her legal residence at the time the petition herein was filed in Kansas City, Jackson County, Missouri. She filed her Federal income tax returns for 1970 and 1971 with the Internal Revenue Service at Kansas City, Missouri. In August 1970, petitioner made a gift of 50,000 Class "A" Voting Trust Certificates, representing common stock of BMA Corporation, to her son William D. Grant (William), conditioned upon his paying the gift taxes shown to be due by her gift tax return. On or before April 15, 1971, petitioner filed her gift tax return for 1970 in which she reported the gift, and her son paid, upon the filing of the return, the gift taxes disclosed to be owing on the gift in the amount of $106,334.32. Petitioner's djusted basis in these Voting Trust Certificates was $4,857. On or before April 15, 1971, petitioner filed her individual Federal income tax return for the year 1970 and paid with or prior to filing such return the full amount of tax shown to be owing in the amount of $27,754. In January 1971, petitioner made a gift of 40,000 Class "A" Voting *535 Trust Certificates, representing common stock of BMA Corporation to her son William, conditioned upon his paying the gift taxes shown to be due on the gift by her gift tax return. On May 20, 1971, petitioner filed her gift tax return for the first quarter of 1971 in which she reported the aforesaid gift, and her son, upon the filing of the return, paid the gift taxes disclosed to be owning on the gift in the amount of $126,295.77. Petitioner's adjusted basis in these Voting Trust Certificates was $3,885.60. On or before April 15, 1972, petitioner filed her individual Federal income tax return for 1971 and paid with or prior to filing the return the full amount of taxes shown to be owning in the amount of $7,035. Upon audit of petitioner's income tax returns for 1970 and 1971, respondent determined that petitioner's gifts to her son William, as described above, constituted in part a sale of the Voting Trust Certificates to him. Respondent in his notice of deficiency determined that petitioner realized a long-term capital gain from the disposition of the BMA common stock in the amount that the gift tax paid by her son exceeded her adjusted basis in the property. Here the petitioner *536 made gifts of stock to her son which were conditioned on her son paying all applicable gift taxes, which he subsequently did pay. The gift tax liability exceeded the total amount of petitioner's basis in the transferred stock. This case is another of a line of cases involving the net gift versus the part-gift-part-sale issue. Respondent, relying upon Johnson v. Commissioner,59 T.C. 791 (1973), affd. 495 F.2d 1079 (6th Cir. 1974), characterizes the transaction as in part a sale and in part a gift. He contends that since the gift taxes on the transfer were the legal obligation of the donor petitioner, the donee son's payment constituted income which was in effect an amount realized as consideration for the transfer. Accordingly, he claims that the amount of the payment exceeding petitioner's basis in the transferred stock constituted income to her. [5]
This Court first held in Turner v. Commissioner,49 T.C. 356 (1968), affd. per curiam 410 F.2d 752 (6th Cir. 1969), involving facts similar to those before us, that *537 the transfer constituted a net gift resulting in no income tax liability to the donor. This Court and others have repeatedly followed this approach of characterizing the transfer as a net gift resulting in no tax liability to the donor. Bradford v. Commissioner,70 T.C. 584 (1978), on appeal (6th Cir., Dec. 26, 1978); Estate of Henry v. Commissioner,69 T.C. 665 (1978), on appeal (6th Cir., May 5, 1978); Hirst v. Commissioner,63 T.C. 307 (1974), affd. 572 F.2d 427 (4th Cir. 1978); Krause v. Commissioner,56 T.C. 1242 (1971). [6] Inasmuch as the facts and legal questions presented here are indistinguishable from those previously addressed in these cases, we hold, for the reasons we set forth at length in Estate of Henry v. Commissioner,supra, and Hirst v. Commissioner,supra, that petitioner did not realize income as a result of her gifts of stock conditioned upon her donee son's payment of the resulting gift taxes. *538 Accordingly, petitioner's motion for judgment on the pleadings will be granted. [7] In accordance with the foregoing, An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.
2. In his notice of deficiency, respondent also adjusted petitioner's medical expense and sales tax deduction. These automatic statutory adjustments depend entirely upon the outcome of the corporate securities gift issue.↩
3. Since respondent originally determined a $50,237 deficiency in his notice of deficiency, this increase results in an alleged total deficiency for 1971 in the amount of $70,427. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
4. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
5. See sec. 2502(d); Old Colony Trust Co. v. Commissioner,279 U.S. 716↩ (1929).
6. See also, Estate of Weeden v. Commissioner,T.C. Memo. 1979-498; Diedrick v. Commissioner,T.C. Memo. 1979-441; Benson v. Commissioner, T.C. Memo. 1978-231; Estate of Davis v. Commissioner,T.C. Memo. 1971-318, affd. per curiam 469 F.2d 694↩ (5th Cir. 1972).
7. In her petition and motion, petitioner requests that respondent be ordered to pay costs and attorney fees. This request is denied because this Court lacks jurisdiction to award attorney fees. Key Buick Co. v. Commissioner,68 T.C. 178↩ (1977), on appeal (5th Cir., Aug. 15, 1977).