Victor P. **DIEDRICH** and Frances T. Diedrich, Appellees,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**UNITED MISSOURI BANK OF KANSAS CITY, N.A., Executor of the Estate of Frances D. Grant, Deceased, Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

Nos. 80–1376, 80–1421.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1981.

Decided March 4, 1981.

Rehearing and Rehearing En Banc Denied March 27, 1981.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Jonathan S. Cohen, James A. Riedy, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellant.

Dorsey, Windhorst, Hannaford, Whitney & Halladay by Phillip H. Martin, Bruce J. Shnider, Minneapolis, Minn., for appellee Diedrich.

Hillix, Brewer, Hoffhaus & Whittaker by Norman E. Beal, M. Michael Gill, Kansas City, Mo., for appellee United Missouri Bank.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

The Commissioner of Internal Revenue appeals from two tax court decisions[1] in favor of the taxpayer-appellees. The cases have been consolidated for argument and decision in this court. The Commissioner unsuccessfully asserted in the tax court that when a donor gratuitously transfers property on the condition that the donee pay the resultant gift tax, income accrues to the donor to the extent the amount of gift tax paid exceeds the donor's basis in the property transferred.[2] Ruling in favor of the taxpayers that no income was realized, the tax court held that the transfers were "net gifts" of the difference between the fair market value of the stock and the gift tax paid. We reverse.

The material facts in both 80–1421 and 80–1376 are undisputed. In both cases the taxpayer made a gift of low basis, highly appreciated securities to a family member.[3] The gifts were expressly conditioned on the donees' promise to pay all state and federal gift taxes arising from the transfers. Taxpayers reported no income in connection with the stock transfers. The Commissioner determined that the transfers resulted in taxable income to the donors in the years in which the gift tax was paid.[4] The tax court held for taxpayers.

Appellant Commissioner's position is that when donors transfer highly appreciated, low basis stock subject to the condition that the donees pay the resulting gift tax, income is realized to the extent the gift tax liability exceeds the donor's basis in the transferred property. The Commissioner contends that the real and substantial economic benefit taxpayers received by having their taxes paid is a taxable accretion to wealth. Section 1001 of the Internal Revenue Code[5] provides that the gain from the

---

1. *Diedrich v. Commissioner*, 39 T.C.M. (CCH) 433 (1979), *on appeal* (8th Cir. No. 80–1376); *Grant v. Commissioner*, 39 T.C.M. (CCH) 1088 (1980), *on appeal sub nom. United Missouri Bank v. Commissioner* (8th Cir. No. 80–1421).

2. The Internal Revenue Service also argues the gain is taxable in the years the gift tax was paid, rather than the years the transfer was made. Both taxpayers concede this issue, if this court determines that any taxable gain was realized.

3. In *Diedrich*, 80–1376, taxpayers transferred stock to their son outright and in trust to their son for the benefit of their daughters. In *United Missouri Bank*, 80–1376, taxpayer made the gift outright to her son.

4. The deficiency claimed in *Diedrich*, 80–1376, is $5,959. It was computed as follows:

| | |
|---|---|
| Gift tax paid in 1972 | $ 62,992 |
| Less basis in stock transferred | 51,073 |

| | |
|---|---|
| Long term capital gain | 11,919 |
| 50% deduction for capital gain (I.R.C. § 1202) | 5,959 |
| Increase in taxable income | $ 5,959 |

The deficiency claimed in *United Missouri Bank*, 80–1421, is $111,943.75. It was computed as follows:

| | |
|---|---|
| Gift tax paid in 1971 | $232,630.09 |
| Less basis in stock transferred | 8,742.60 |

| | |
|---|---|
| Long term capital gain | 223,887.49 |
| 50% deduction for capital gain (I.R.C. § 1202) | 111,943.75 |
| Increase in taxable income | $111,943.75 |

5. I.R.C. § 1001 provides:
   (a) *Computation of gain or loss.*—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis

sale or other disposition of property is the excess of the amount realized over the transferor's adjusted basis in the property. The amount realized is the sum of any money received plus the fair market value of any other property received. Because the payment of federal gift taxes is the legal responsibility of the donor,[6] the Commissioner contends that the donor realizes income in the amount of the gift taxes paid by the donee. The Commissioner relies on *Crane v. Commissioner*, 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947) (non-recourse mortgage is included in the basis of property and must be included in the amount realized upon sale) and *Old Colony Trust Co. v. Commissioner*, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918 (1929) (discharge of taxpayer's income tax liability by employer results in income to taxpayers) for the proposition that an amount realized by the taxpayer may include non-cash consideration. "The discharge by a third person of an obligation to him is equivalent to receipt by the person taxed." *Id.* at 729,[7] 49 S.Ct. at 504.

Taxpayer-appellees distinguish *Crane* and *Old Colony Trust* on the basis that they involved pre-transfer realization of some portion of the appreciated value of the property. They argue these decisions have never been applied to a "pure" net gift in which the donor does not personally realize any money or other property representing any portion of the appreciated value of the property. Taxpayers rely instead on a line of cases from the tax court beginning with *Turner v. Commissioner*, 49 T.C. 356 (1968), aff'd per curiam, 410 F.2d 752 (6th Cir. 1969), nonacq., 1971–2 C.B. 4, which hold that transfers identical to the ones at issue here are "net gifts"[8] which produce no taxable income to the donor.

The basic facts in *Turner* are indistinguishable from those here. Taxpayer made gifts of low basis stocks to several donees, including trusts, subject to the condition that each donee pay the gift tax which arose due to the transfer. The Commissioner of Internal Revenue asserted that the transactions constituted part sales and part gifts; that is, that they were sales to the extent that the gift tax payable exceeded the donor's basis. In his brief, however, the

---

provided in such section for determining loss over the amount realized.

(b) *Amount realized.*—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.

**6.** I.R.C. § 2502(d) provides:

(d) *Tax to be paid by donor.*—The tax imposed by section 2501 [the gift tax] shall be paid by the donor.

**7.** See also *Malone v. United States*, 326 F.Supp. 106 (N.D.Miss.1971), aff'd per curiam, 455 F.2d 502 (5th Cir. 1972) (when taxpayer transferred mortgaged property to trust upon condition that trustee pay the indebtedness, taxpayer realized gain to the extent the value of property exceeded the mortgage); *First National Industries, Inc. v. Commissioner*, 26 T.C.M. (CCH) 608 (1967), aff'd, 404 F.2d 1182 (6th Cir. 1968), cert. denied, 394 U.S. 1014, 89 S.Ct. 1633, 23 L.Ed.2d 41 (1969) (when taxpayer gave appreciated stock subject to the condition that donee sell the stock and use the proceeds to pay the indebtedness, taxpayer realized income to the extent the obligation discharged exceeded its adjusted basis); *Simon v. Commissioner*, 32 T.C. 935 (1959), aff'd, 285 F.2d 422 (3d Cir. 1960) (when taxpayer transferred mortgaged building to corporation, contending he had made a contribution to capital, taxpayer realized gain to the extent the mortgage exceeded his adjusted basis).

The *Crane* doctrine has been given a great deal of discussion by the commentators. *See, e. g.*, Bittker, *Tax Shelters, Nonrecourse Debt, and the Crane Case*, 33 Tax L.Rev. 277 (1978); Del Cotto, *Basis and Amount Realized Under Crane: A Current View of Some Tax Effects in Mortgage Financing*, 118 U.Pa.L.Rev. 69 (1969); Adams, *Exploring the Outer Boundaries of the Crane Doctrine; an Imaginary Supreme Court Opinion*, 21 Tax L.Rev. 159 (1966).

**8.** For gift tax purposes, a gift conditioned on the donee's payment of the gift tax is called a net gift. Only that portion of the value of the property transferred which exceeds the amount of gift taxes due on the transfer is considered to have been transferred with donative intent, and therefore characterized as a gift, subject to gift taxes. *Pamelo Lingo v. Commissioner*, 13 T.C.M. (CCH) 436, 441 (1954); *Sarah Helen Harrison*, 17 T.C. 1350 (1952), acq., 1952–2 C.B. 2; Rev.Rul. 81–232, 1971–1 C.B. 275. This concept, of course, applies only for gift tax purposes and is not relevant to income tax consequences.

Commissioner conceded that the transfers to the trust were not sales, since the trustees incurred no personal liability on the gift tax. The tax court thought the distinction between the individual transfers and transfers in trust was untenable, as they were "substantially identical." 49 T.C. at 363. It treated the transfers as net gifts, based on the rationale that the donor had intended to give only the value of the shares less the value of the gift tax payable on the transfers. In other words, the donor is said to have retained income for her own benefit from the transaction to the extent of the gift tax. Some courts have viewed the "retained interest" theory as an alternative to the economic benefit approach advanced by the Commissioner. The *Turner* rationale has been followed in all subsequent tax court decisions with similar facts. *See, e. g., Owen v. Commissioner,* 37 T.C.M. (CCH) 272 (1978), *appeal docketed,* No. 78–1341 (6th Cir.); *Estate of Henry v. Commissioner,* 69 T.C. 665 (1978); *Hirst v. Commissioner,* 63 T.C. 307 (1974), *aff'd,* 572 F.2d 427 (4th Cir. 1978) (en banc); *Estate of Davis v. Commissioner,* 30 T.C.M. (CCH) 1363 (1971), *aff'd per curiam,* 469 F.2d 694 (5th Cir. 1972).

We agree with the Commissioner that *Turner* and its progeny were incorrectly decided. As we view this problem, the correct approach was taken by *Johnson v. Commissioner,* 59 T.C. 791 (1973), *aff'd,* 495 F.2d 1079 (6th Cir.), *cert. denied,* 419 U.S. 1040, 95 S.Ct. 527, 42 L.Ed.2d 316 (1974), and *Estate of Levine v. Commissioner,* 72 T.C. 780 (1979), *aff'd,* 634 F.2d 12 (2d Cir. 1980). *Johnson* presents facts somewhat different than those presented here. A taxpayer borrowed $200,000 from a bank without recourse and secured the note with 50,000 shares of stock with a fair market value of $500,000 and a basis of about $11,000. Shortly thereafter the taxpayer transferred the stock to an irrevocable trust for the benefit of his children, and the trustees replaced the taxpayer's note with their own note secured by the same 50,000 shares of

stock. The taxpayer paid $150,000 in gift tax from the $200,000 proceeds of the original note, leaving him $50,000 in cash. The Sixth Circuit affirmed the tax court's decision in favor of the Commissioner of Internal Revenue. It held the full value of the loan taxable on any one of three theories: (1) the $200,000 received by Johnson was gross income because it was "income from whatever source derived,"[9] and it made no difference that it was used in part to pay gift tax; (2) because section 2502(d) makes the payment of gift taxes the donor's legal obligation, the payment of that liability by the donee was equivalent to a receipt of money to the donor; (3) the principles of *Crane v. Commissioner, supra,* apply because the taxpayer actually received cash without liability to repay the notes out of his own assets. Moreover, *Johnson* stated that *Turner,* in view of the concessions made in the briefs, had "no precedential value beyond its peculiar fact situation." *Johnson v. Commissioner, supra,* 495 F.2d at 1086. The Commissioner had espoused in *Johnson,* and the tax court had accepted, the theory that the net gift was actually a "part sale and part gift," that is, that the donor sold his gift for the price of having his gift tax paid by the donee. The court emphasized that whether the transaction was called a "part gift and part sale" or a "net gift" had no import, because, regardless of terminology, the taxpayer received something of value upon the transfer. Thus, argues the Commissioner here, the broad holding of *Johnson* is that the taxpayer receives something of value upon payment by another of his obligation, and that something of value is subject to income tax.

In *Estate of Levine v. Commissioner, supra,* taxpayer made a gift of real estate encumbered by $780,000 in nonrecourse mortgages to a trust for the benefit of his three grandchildren. The donee-trust assumed the mortgage plus (1) taxpayer's obligation to pay accrued interest in the amount of $5,908.34 with respect to the

---

**9.** Gross income is defined by I.R.C. § 61:

(a) *General definition.*—Except as otherwise provided in this subtitle, gross income means *all income from whatever source de-*

*rived,* including (but not limited to) the following items: * * *
(emphasis added).

mortgages, and (2) real estate operating expenses of $125,000 for the year prior to the gift. The question presented was whether the donor realized gain to the extent the mortgage was in excess of his adjusted basis in the transferred property. Relying on *Crane* and *Old Colony Trust*, the Second Circuit (Friendly, J.) held taxable gain was realized. Although no net gift issue was involved in *Estate of Levine*, taxpayer attempted to rely on the *Turner* line of cases. In dictum the Second Circuit stated that it believed its decision consistent with *Johnson* and the *Hirst* dissent because Levine's expenses, like the gift taxes, were a personal liability of the donor. *Estate of Levine v. Commissioner, supra,* 634 F.2d at 17.[10] *See also Evangelista v. Commissioner*, 629 F.2d 1218 (7th Cir. 1980) (transfer of encumbered automobiles and contemporaneous assumption of liability by transferee results in gain to transferor to extent liability assumed exceeds adjusted basis in assets transferred).

Appellees attempt to distinguish *Johnson* and *Estate of Levine.* They claim first that *Johnson* must be limited to its own facts because it has not been followed in subsequent tax court cases with "pure" net gift facts,[11] or in the Fourth Circuit's *Hirst* opinion.[12]

*Johnson* is further distinguished by appellees on its facts. *Johnson*, before making the gift, personally realized a substantial portion of the appreciated value of his stock, and he himself paid the gift tax. This is in contrast to the instant cases, in which the donee's agreement to pay the gift tax does not arise but for the net gift itself. *Estate of Levine* is similarly distinguishable on the basis that it involved a transfer of property encumbered by preexisting obligations.

■ We do not believe it significant that the transfers in *Johnson* and *Estate of Levine* involved preexisting encumbrances. It is a well-established principle of tax law that when a taxpayer constructively receives income, he is subject to income tax liability. It makes no difference whether

---

**10.** The court also stated that "[w]hile the facts in *Johnson* were peculiarly favorable to the Commissioner, we consider that it effectively overruled *Turner* as a precedent." *Estate of Levine v. Commissioner*, 634 F.2d 12, 17 (2d Cir. 1980).

**11.** *E. g., Krause v. Commissioner*, 56 T.C. 1242 (1971); *Estate of Davis v. Commissioner*, 30 T.C.M. (CCH) 1363 (1971), *aff'd per curiam*, 469 F.2d 694 (5th Cir. 1972); *Estate of Henry v. Commissioner*, 69 T.C. 665 (1978); *Owen v. Commissioner*, 37 T.C.M. (CCH) 272 (1978); *Benson v. Commissioner*, 37 T.C.M. (CCH) 989 (1978), *appeal docketed*, No. 79–1032 (6th Cir.); *Bradford v. Commissioner*, 70 T.C. 584 (1978), *appeal docketed*, No. 79–1094 (6th Cir.); *Estate of Weeden v. Commissioner*, 39 T.C.M. (CCH) 699 (1979), *appeal docketed*, No. 80–7127 (9th Cir.).

**12.** In *Hirst*, a mother gave three tracts of land to her son's family on the son's agreement to pay resulting gift taxes. The tax court held the transaction was a net gift and not subject to income tax. However, the court recognized the validity of the Commissioner's position:

> We recognize that there is much force to the Government's position. The gift tax itself is imposed only upon the "net gift," i. e., upon the gross amount of the property transferred minus the gift tax paid by the donee. In substance, a portion of the transferred property equal in value to the amount of the gift tax is not treated as having been part of the gift. But surely that portion did not vanish into thin air, and a strong argument can be advanced for the conclusion that it was exchanged for the donee's payment of the gift tax on the "net gift," a transaction that may result in the realization of gain or loss depending upon the donor's basis in the property. If the donor had sold that portion to an outsider immediately prior to the gift of the remainder, and then used the proceeds of the sale to pay the gift tax, the practical consequences to the donor would have been the same as in *Turner*, except that the donor would have been taxable on any gain realized on the sale. *However, in the absence of any clearcut overruling of prior law by a Court of Appeals, we are not prepared at this time to reexamine an intricate and consistent pattern of decision that has evolved over the years in this field, notwithstanding that there may be much to be said in favor of a more "realistic" approach to the problem. Things have gone too far by now to wipe the slate clean and start all over again.*

63 T.C. at 315 (emphasis added). *Hirst* was affirmed in a Fourth Circuit opinion en banc, 572 F.2d 427. The dissent vigorously asserted that *Johnson* was decided correctly and *Turner* was decided incorrectly.

he receives the benefit in the form of relief of encumbrance, or in the form of relief of tax liability; in either case, the determinative factor is the receipt of the benefit. Nor is it relevant to our conclusion that the liability arose at the time of the transfer as opposed to before the transfer. The consequence to the donor is the same regardless of when the obligation arose.

■ We agree with District Judge Thomsen's dissent in *Hirst*,[13] joined by two members of the en banc court, that when the donor's gift tax liabilities were discharged by the donees, the benefit conferred resulted in taxable income. Here, as in *Hirst*, "[t]he effect of what was done * * * is the same as though [the donees] had paid the money directly to taxpayer[s] and [they] had used it to discharge [their] gift tax liabilities." *Id.*, 572 F.2d at 438. As one commentator has noted, "terming the transaction a net gift does not alter the fact that despite the transferor's intention, he is actually transferring the entire property and receiving something in return. His intent that the transferee receive only a portion of the value of the property cannot eliminate that essential fact of economic life." Note, *Taxation—Conditional Net Transfers: No Income Tax Consequences to Donor—Hirst v. Commissioner*, 572 F.2d 427 (4th Cir. 1978), 52 Temple L.Q. 139, 151 (1979).

We note parenthetically both taxpayers argue that they relied on a long line of tax court decisions in making these transfers, and therefore "stare decisis and fair play" require a ruling in their favor. Appellees in 80–1421 request a remand on the factual question of actual reliance should we rule against them on the legal question. In our opinion, reliance is not controlling because the income tax consequences of this type of transaction had not yet been ruled upon by this circuit at the time of the gifts in question. In any event, "Congress had indi-

cated that, in federal tax law, claims of reliance are to be given little weight." *Gulf Inland Corporation v. United States*, 570 F.2d 1277, 1279 (5th Cir. 1978).

Accordingly, we hold that to the extent the gift taxes paid by donees exceeded donor's adjusted bases in the property transferred, the donors realized taxable income.

The decisions of the tax court are reversed.

---

**13.** Commentators have generally found the *Hirst* dissent more convincing than the majority opinions. *See, e. g.,* Note, *Taxation—Conditional Net Transfers: No Income Tax Consequences to Donor—Hirst v. Commissioner*, 572 F.2d 427 (4th Cir. 1978), 52 Temple L.Q. 139 (1979). Comment, *Federal Income Tax—Income Taxation of Net Gifts After Hirst v. Com-*

*missioner*, 32 Rutgers L.Rev. 389 (1979); *Federal Income Tax—Net Gift Doctrine—No Taxable Income Results from Gift Given Subject to Condition that Donee Pay Gift Tax*, 63 Cornell L.Rev. 1074 (1978). *Contra*, Grier, *Recent Litigation Upholds the Favorable Treatment of the Net Gift Technique*, 48 J. of Taxation 214 (April 1978).